BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Gregory B. Iannelli, #026549
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants BAC Home
Loans Servicing LP and
Bank of New York (CWMBS 2006-HYB1) GR2

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| YVONNE DERRY,<br><br>  Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK; BAC HOME LOANS SERVICING LP,<br><br>  Defendants. | No. 2:10-cv-02211-PHX-ROS<br><br>**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Hon. Roslyn O. Silver) |

Nowhere in her over-length, 23-page response to Defendants' motion for judgment on the pleadings does Ms. Derry identify a single fact entitling her to relief. Instead, she simply repeats her general speculation about the operation of the mortgage industry and concludes that she has stated a claim. Because she fails to plead anything plausibly connecting any defendant to any speculative wrongdoing, the Court should enter judgment on the pleadings in favor of Defendants.

682097.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Ms. Derry Fails To Allege Any "False Fees."

The factual crux of the Complaint is that Ms. Derry's mortgage lender, a company not named as a defendant in this case, charged fees at the closing of her loan prohibited by RESPA and TILA. [See Doc. No. 13 at 1–3, 8–10] Ms. Derry fails to plead anything suggesting that the fees were unlawful. To the contrary, she admits in her response that she is "*unable to determine* whether or not the above fees are valid." [Id. at 9 (emphasis added)] Her claim thus rests on the allegation that an unidentified defendant, at the closing, "failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement." [Id. at 2] No state or federal law requires a lender to "establish" at the closing that closing fees are not "forbidden" by RESPA. Ms. Derry's allegation that "false fees" were charged is unadorned speculation.

### II.    Conduct Involving Unidentified Non-Parties Does Not Support Any Claim.

Following the pattern of her Complaint, Ms. Derry's response to the motion continues to assert that unidentified defendants either should be held liable for the non-specific acts of unidentified non-parties, or conspired with unidentified non-parties to defraud her and charge "false fees." [See, e.g., Doc. No. 13 at 2 ("defendant" paid "undisclosed yield spread premium" to "loan broker" to induce "loan broker" to misrepresent unidentified "facts")] Ms. Derry contends that this is acceptable pleading because "averments of agency are not required in a complaint." [Id. at 3] That misses the point. To state a claim, Ms. Derry must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009). Ms. Derry fails to allege who these non-parties are, what they did with respect to *her* loan, and how they are connected to any named defendant. Instead, all she has done is set forth generalized theories about how the mortgage industry operates, copied from a form document

circulating the Internet, with no attempt to plead any facts suggesting that those theories are relevant to *her* mortgage loan.

### III. Ms. Derry Did Not Plead Her Claims With "Specificity And Particularity."

At pages 7–8 of her response, Ms. Derry sets forth a summary of the allegations in her Complaint, concluding that she has stated a claim with "specificity and particularity." She has not. While the allegations summarized in the response do appear in the Complaint, they are conclusions unsupported by any facts. As noted in Defendants' motion, the Complaint alleges *no* relevant facts about the loan other than an innocuous list of fees. For that reason, these allegations cannot succeed.

### IV. Ms. Derry's Claims Are Untimely.

The motion pointed out that the applicable statutes of limitation bar Ms. Derry's claims under RESPA and TILA and her claim for breach of fiduciary duty. In response, Ms. Derry argues that the statutes should be equitably tolled. To establish entitlement to equitable tolling, Ms. Derry would have to plead "active conduct by a defendant . . . to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotation omitted). The doctrine applies only when the defendant engages in "fraudulent conduct *above and beyond* the wrongdoing upon which the plaintiff's claim is filed" that precludes the plaintiff from discovering his claim. Id. (emphasis added). See also Jankanish v. First American Title Insurance Co., No. 08-1147, 2009 WL 779330, *3 (W.D. Wash. Mar. 23, 2009) (plaintiff must allege "that Defendants actively engaged in additional conduct intended to prevent Plaintiffs from discovering the alleged wrongdoing") (emphasis added). No such allegations appear in the Complaint, and the Court should reject Ms. Derry's equitable tolling argument. See Cervantes v. Countrywide Home Loans Inc., No. CV-09-517, 2009 U.S. Dist. LEXIS 87997, *13 (D. Ariz. Sept. 24, 2009) (dismissing TILA claims, where plaintiffs failed to "allege any facts supporting these legal conclusions [regarding tolling], such as how Defendants fraudulently misrepresented or concealed the true facts, or why Plaintiffs

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

were otherwise precluded from discovering the TILA violations at the consummation of their loans"); Salois v. The Dime Savings Bank of New York FSB, 128 F.3d 20, 26 (1st Cir. 1997) ("the documents contained all of the information necessary to determine" whether interest rate was properly disclosed; affirming dismissal of TILA claim); In re Luciano, No. 05-16125, 2006 WL 2471948, * 1 (9th Cir. Aug. 21, 2006) (bankruptcy court properly "decline[ed] to apply equitable tolling to Luciano's TILA damages claims because those claims flow from her allegation that she did not receive copies of the closing documents, a violation she would have discovered at the time of closing").

**V.     Ms. Derry Fails To State A RESPA Claim.**

Ms. Derry asserts (at 10) a litany of supposed RESPA violations, most of which are impossible to decipher. For instance, she lists as a violation "no 1st payment letter," which means nothing, along with 11 sub-headings simply listing document names without any indication what she believes was wrong with those documents. Similarly, she contends that her TILA "statement" was not "within limits" and was not "timely presented." Defendants cannot discern what Ms. Derry alleges her lender did wrong with respect to this "statement."

Ms. Derry alleges that the good faith estimate was not "within limits," but fails to explain what that means; in any event, there is no private cause of action for failing to provide a good faith estimate. Similarly, there is no private cause of action for failing to provide a HUD-1 special information booklet. Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997); Cervantes, 2009 U.S. Dist. LEXIS 87997, *15; Walker v. Artisan Mortgage LLC, 2008 WL 2026365, *3 (D. Ariz. May 9, 2008); Morrison v. Brookstone Mtg. Co., 415 F. Supp. 2d 801, 805-06 (S.D. Ohio 2005). She finally contends that her HUD-1 settlement statement was not provided one day before the

1  closing, but that fails to state a violation because the lender can lawfully provide the
2  statement *at* the closing.  12 U.S.C. § 2603(b).[1]

### VI. Ms. Derry Fails To State A Claim To Quiet Title.

"[I]n an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Ms. Derry fails to allege that she paid off her loan. Rather, she bases her claim on the meritless "show me the note" theory and on the conclusory allegations discussed in the motion and in this reply. None of her allegations entitles her to the relief she seeks.

### VII. Ms. Derry Fails To State A Claim For Bad Faith.

Ms. Derry's response in support of her claims for breach of the covenant of good faith and fair dealing and breach of fiduciary duty largely is based on the theory that a mortgage *broker* owes fiduciary duties to his clients. [See Doc. No. 13 at 12, 14] That may or may not be true, but it has nothing to do with this case because no defendant is alleged to be Ms. Derry's mortgage broker, and Ms. Derry has failed even to identify who her broker was, let alone plead facts suggesting that Defendants should be liable for that person's conduct.

Ms. Derry contends (at 13) that "defendants" breached the implied covenant of good faith and fair dealing by taking vaguely-described actions at the origination of the loan. She fails to identify any contract with any defendant prohibiting these actions, or to explain why these actions deprived her of the benefit of her loan. Presumably, Ms. Derry obtained the proceeds of the loan and is using and enjoying the loan's benefits to this day, despite having been in default of her obligations for more than one year.

---

[1] In the Complaint, Ms. Derry alleged that "[t]he closing documents included no signed and dated" RESPA and TILA documents. [Complaint at 12] Of course, there would be no reason for the "closing documents" to include signed and dated disclosures, because Ms. Derry would have had to sign and date them herself.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

With respect to the fiduciary duty claim, Ms. Derry fails to cite any authority creating a fiduciary duty between a borrower and a lender (or, as here, an assignee of a lender) or a loan servicer. No such duty exists. McAlister v. Citibank, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992) (affirming summary judgment for bank on breach of fiduciary duty claim).

**VIII.  Ms. Derry Fails To State A Claim For Negligence.**

Ms. Derry contends (at 15–16) that "defendants" owed her a duty not to give her a loan she could not afford. That is not the law. Renteria v. United States, 452 F. Supp. 2d 910, 922–23 (D. Ariz. 2006) ("The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's"). In any event, Ms. Derry has alleged only economic harm, and no one owes a duty to protect another from purely economic damage. Lips v. Scottsdale Healthcare Corp., 224 Ariz. 266, 268, 229 P.3d 1008, 1010 (2010) (affirming trial court's granting of motion to dismiss). Even if she could establish a duty, the claim still is entirely conclusory. Ms. Derry fails to allege any facts suggesting that any defendant acted negligently toward her.

**IX.  Ms. Derry Fails To State A Fraud Claim.**

Ms. Derry contends (at 16–18) that "defendants" defrauded her by making unidentified false statements and by failing to disclose unidentified material information. The claim is entirely conclusory and cannot succeed for the reasons set forth in the motion.

**X.  Ms. Derry Fails To State A TILA Claim.**

The crux of the TILA claim is that "defendants" did not provide Ms. Derry a notice of her right to cancel the mortgage transaction within three days. However, Ms. Derry *fails to allege* that she did not receive the notice. Instead, she implausibly asserts (at 19) that it "was not provided to Plaintiff *or if furnished to Plaintiff* it failed to" contain certain terms. It is apparent that Ms. Derry copied her pleadings and motion practice from the Internet. If Ms. Derry did not receive the notice, she should say so; if she did

receive it, but it contained errors, she should say that instead. She cannot plausibly say both things, and her choice to copy pleadings without any regard to what actually happened in her own transaction makes it impossible for Defendants to discern what they are accused of having done wrong.

## Relief Requested

For the foregoing reasons, Defendants respectfully request that the Court enter judgment on the pleadings against Plaintiff.

DATED this 20th day of December, 2010.

BRYAN CAVE LLP

By   /s/ Gregory B. Iannelli
Robert W. Shely
Gregory B. Iannelli
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Attorneys for Defendants BAC Home Loans Servicing LP and Bank of New York (CWMBS 2006-HYB1) GR2

ORIGINAL of the foregoing filed
using the CM/ECF system this 20th day of December, 2010.

COPY of the foregoing mailed this
this 20th day of December, 2010, to

Yvonne Derry
14835 E. Shea Blvd, #103-499
Fountain Hills, AZ 85268

s/ Gregory B. Iannelli

682097.1

7